
SLIP OPINION

Cite as 2016 Ark. 354

# SUPREME COURT OF ARKANSAS

No.

| | |
|---|---|
| IN RE RULE XIV OF THE RULES GOVERNING ADMISSION TO THE BAR | Opinion Delivered October 20, 2016 |

## PER CURIAM

The Arkansas Supreme Court Board of Law Examiners has submitted the following revision and replacement of Rule XIV as set out on detail below.

Rule XIV. Practice by Comity. Pro Hac Vice Appearance. Requirements for Participation in Arkansas Proceedings by a Non-Resident Attorney, not licensed to practice law in Arkansas by the Arkansas Supreme Court.

(a) For purpose of this specific rule, the term "Non-Resident Attorney" refers specifically to an attorney admitted to practice law in another State, District of Columbia, or territory, which would allow an Arkansas attorney to seek permission to participate in the proceedings of any particular case in the other courts of the State of licensure of the "Non-Resident Attorney."

(b) A non-resident attorney requesting permission to participate in proceedings in a court in this State shall pay a fee of $200 for each case in which the attorney is requesting to participate. Fees under this Rule shall be collected in the same manner as the annual attorney license fee collected by the Clerk of the Arkansas Supreme Court. The Clerk shall cause the fees received pursuant to this Rule to be allocated to the Bar of Arkansas. A nonresident attorney who files a motion requesting permission to participate in proceedings in a court in this State shall provide to that court accompanying proof of payment of the fee required herein. Proof shall be provided to the non-resident attorney by the Clerk of the Arkansas Supreme Court. Except as otherwise provided by this rule, the non-resident attorney fee is a mandatory initial requirement. Upon completion of this requirement and receipt of payment issued by

the Clerk of the Supreme Court, the non-resident attorney shall file with the applicable Arkansas court a written, sworn motion requesting permission to participate in a particular case. The motion shall contain: (1) the office address, telephone number, fax number, and email address of the non-resident attorney movant; (2) the name and Arkansas Bar ID number of an attorney licensed in Arkansas, with whom the non-resident attorney will be associated in the Arkansas proceedings, and that attorney's office address, telephone number, fax number, and email address; (3) a list of all cases, including case number and caption, in Arkansas courts in which the non-resident attorney has participated or served as counsel or sought leave to appear or participate within the two years preceding the filing of the Motion; (4) a list of jurisdictions in which the non-resident attorney is licensed, including federal courts, and a statement that the non-resident attorney is or is not an active member in good standing in each of those jurisdictions; (5) a statement that the non-resident attorney has or has not been the subject of disciplinary action by the Bar or courts of any jurisdiction in which the attorney is licensed and a description of any such disciplinary actions; (6) a statement that the non-resident attorney has or has not been denied admission, including admission pro hac vice, to the courts of any State or to any federal court; (7) a statement that the non-resident attorney is familiar with the Arkansas Supreme Court Rules of Professional Conduct governing the conduct of members of the Bar of Arkansas, and will at all times abide by and comply with the same so long as such Arkansas proceeding is pending and said Applicant has not withdrawn as counsel therein.

(c) Except as otherwise provided by this rule, the motion of the non-resident attorney seeking permission to participate in Arkansas proceedings must be accompanied by an affidavit of the resident practicing Arkansas attorney with whom the non-resident attorney will be associated in the proceeding of a particular case. The affidavit must contain a statement that the resident attorney recommends the non-resident attorney applicant be granted permission to participate in the particular proceeding before the court. In addition, the resident practicing Arkansas attorney must sign the Motion filed by the non-resident attorney.

(d) In the case of a non-resident attorney who seeks to represent an indigent person in proceedings in a court of this state as provided in Administrative Order No. 15.2, the fee required by this rule shall be waived. For purposes of this rule, a motion of the non-admitted attorney stating that the requirements of Administrative Order No. 15.2 have been satisfied, along with a letter from the sponsoring entity to that effect, shall be sufficient to satisfy the requirements of (b) and (c) of this rule.

(e) The court may examine the non-resident attorney to determine that the non-resident attorney is aware of and will observe the ethical standards required of attorneys licensed in Arkansas. If the court determines that the non-resident attorney

SLIP OPINION

is not a reputable attorney who will observe the ethical standards required of Arkansas attorneys, that the non-resident attorney has been engaging in the unauthorized practice of law in the state of Arkansas, or that other good case exists, the court may deny the motion.

(f) The court shall deny the pro hac vice motion of a non-resident attorney when the non–resident resident attorney has participated, served as counsel, or entered an appearance pro hac vice in three (3) cases in the State of Arkansas during the twelve months prior to the filing of the motion.

(g) If, after being granted permission to participate in the proceedings of any particular case in Arkansas, the non-resident attorney engages in professional misconduct as that term is defined by the Arkansas Supreme Court Rules of Professional Conduct, the court may revoke the non-resident attorney's permission to participate in the Arkansas proceedings and may cite the non-resident attorney for contempt. In addition, the court may refer the matter to the Arkansas Supreme Court Office of Professional Conduct.

(h) The filing of any motion under this Rule constitutes submission to the jurisdiction of the Arkansas Supreme Court Committee on Professional Conduct.

We hereby approve and adopt the revised Rule XIV to the Rules Governing Bar Admission.